# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KAL-MOR-USA, LLC,

        Plaintiff/Appellant,

vs.

BANK OF AMERICA, N.A. et al.,

        Defendants/Respondents.

Case No.: 2:13-cv-01046-GMN-PAL

**ORDER**

Before the Court is the question of whether to stay this action pending certification of question to the Nevada Supreme Court. The Court conducted a hearing on February 28, 2014, and issued a bench ruling in the affirmative. (ECF Nos. 15, 16.) Accordingly, this Order serves to memorialize the Court's bench ruling.

## I.   BACKGROUND

The property at issue in this case is located at 3055 Casey Drive, Unit #103, Las Vegas, NV 89120, APN# 162-25-612-380 (the "Property"). (Compl. ¶ 1, Ex. B to Notice of Removal, ECF No. 1-2.) On June 1, 2007, Grace L. Chavez purchased the Property with a mortgage loan secured by a Deed of Trust.[1] (Deed of Trust, Ex. A to Req. for Jud. Notice, ECF. No. 4-1.) The Lender under the Deed of Trust, Affiliated Funding Corporation ("Affiliated Funding"), recorded its secured interest on June 12, 2007, naming Fidelity National Title ("Fidelity") as the Trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (*Id.*) On March 2, 2012, Affiliated Funding executed an Assignment of Deed of Trust,[2] assigning its interest to Bank of America, N.A. ("BOA").

---

[1] The Deed of Trust was recorded in Clark County as Book and Instrument No. 20070612-0001428. (Deed of Trust, Ex. A to Req. for Jud. Notice, ECF No. 4-1.)

[2] The Assignment of Deed of Trust was recorded in Clark County as Book and Instrument No. 20120306-0000272. (Assignment of Deed of Trust, Ex. B to Req. for Jud. Notice, ECF No. 4-2.)

The Property is subject to a set of CC&Rs recorded by Canyon Willow Owners Association (the "HOA"). (Compl. ¶ 10, Ex. B to Notice of Removal, ECF No. 1-2; *see* Condominium Rider, Ex. A to Req. for Jud. Notice, ECF. No. 4-1.) Ms. Chavez defaulted on her HOA dues, and on April 11, 2012, the HOA recorded a Notice of Lien for Delinquent Assessments.[3] (Notice of Lien for Delinquent Assessments, Ex. D to Req. for Jud. Notice, ECF No. 4-4.) Ms. Chavez failed to pay off the HOA Lien, and on February 2, 2013, the Property was acquired by First 100, LLC at a foreclosure sale held by United Legal Services as agent for the HOA. (Compl. ¶¶ 4, 11, Ex. B to Notice of Removal, ECF No. 1-2.) Subsequently, on March 3, 2013, Kal-Mor-USA, LLC ("Kal-Mor-USA") purchased the Property from First 100, LLC.[4] (*Id.* at ¶ 6.)

While no mortgage foreclosure process has yet been initiated on the property, on April 4, 2013, Kal-Mor-USA filed their First Amended Complaint in Nevada state court, naming BOA and Fidelity as defendants and seeking declaratory relief and quiet title on the Property pursuant to Nev. Rev. Stat. §§ 30.010 and 116.3116, et seq. (Compl., Ex. B to Notice of Removal, ECF No. 1-2; Mot. to Dismiss, ECF No. 3 4:17-20.) Fidelity was served with a copy of the Summons and First Amended Complaint on May 22, 2013, and on June 12, 2013, removed the action to this Court with BOA's consent. (Notice of Removal, ECF No. 1.)

On June 12, 2013, Fidelity also filed a Motion to Dismiss (ECF No. 4), to which Kal-Mor-USA filed an untimely response on July 1, 2013. (ECF No. 9.) The primary issue in dispute is whether BOA's interest under the Deed of Trust was extinguished by the foreclosure sale conducted pursuant to Chapter 116 of Nevada Revised Statutes.

/ / /

---

[3] The Lien for Delinquent Assessments was recorded in Clark County as Book and Instrument No. 20120411-0001856. (Notice of Lien for Delinquent Assessments, Ex. D to Req. for Jud. Notice, ECF No. 4-4.)
[4] Kal-Mor-USA's deed was recorded in Clark County as Book and Instrument No. 20130304-0001199. (Compl. ¶ 6, Ex. B to Notice of Removal, ECF No. 1-2.)

## II. LEGAL STANDARD

The Nevada Supreme Court may answer questions of law "which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Nev. R. App. P. 5.

Rule 5 of the Nevada Rules of Appellate Procedure, "Certification of Questions of Law," provides, in part:

> **(a) Power to Answer.** The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States or of the District of Columbia, a United States District Court, or a United States Bankruptcy Court when requested by the certifying court, if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state.
> **(b) Method of Invoking.** This Rule may be invoked by an order of any of the courts referred to in Rule 5(a) upon the court's own motion or upon the motion of any party to the cause.
> **(c) Contents of Certification Order.** A certification order shall set forth:
>    (1) The questions of law to be answered;
>    (2) A statement of all facts relevant to the questions certified;
>    (3) The nature of the controversy in which the questions arose;
>    (4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court;
>    (5) The names and addresses of counsel for the appellant and respondent; and
>    (6) Any other matters that the certifying court deems relevant to a determination of the questions certified.

Nev. R. Appellate P. 5(a)-(c).

## III. DISCUSSION

Chapter 116 of Nevada Revised Statutes codifies Nevada's Uniform Common-Interest Ownership Act, and, with some exceptions, applies to all common-interest communities created in Nevada, including associations of unit owners organized under a properly recorded declaration. Nev. Rev. Stat. §§ 116.001, -.1201, -.2101, -.3101.

"Every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." Nev. Rev. Stat. § 116.1113. "The principles of law and equity, including . . . the law of real property, and the law relative to capacity to contract, principal and agent" supplement the provisions of this chapter except to the extent these principles are inconsistent with its provisions. Nev. Rev. Stat. § 116.1108.

Under section 116.3116, an association has a lien on a unit for assessments levied against that unit. Nev. Rev. Stat. § 116.3116(1). Such a lien is prior to all other liens and encumbrances, with certain exceptions. Nev. Rev. Stat. § 116.3116(2).

One exception to this priority rule is "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b). However, under the so-called "super-priority" provision, the lien is prior to this security interest "to the extent of" charges under § 116.310312[5] and assessments for common expenses under § 116.3115 "which would have become due in the absence of

---

[5] The current full text of this provision is the following:

> The lien is also prior to all security interests described in paragraph (b) to the extent of *any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of* the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien, unless federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien. If federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien, the period during which the lien is prior to all security interests described in paragraph (b) must be determined in accordance with those federal regulations, except that notwithstanding the provisions of the federal regulations, the period of priority for the lien must not be less than the 6 months immediately preceding institution of an action to enforce the lien. This subsection does not affect the priority of mechanics' or materialmen's liens, or the priority of liens for other assessments made by the association.

Nev. Rev. Stat. § 116.3116(2) (emphasis added). The clause, "any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of," and the entirety of § 116.310312 were added by the Nevada Legislature in 2009. *See* Act of May 28, 2009, ch. 248, AB 361, 2009 Nev. Laws 1007.

acceleration during the 9 months immediately preceding institution of an action to enforce the lien," unless federal regulations require a shorter period. Nev. Rev. Stat. § 116.3116(2).

Under section 116.31162, an association may foreclose its lien by sale under certain conditions. Nev. Rev. Stat. § 116.31162.  In 2013, the Nevada Legislature added a new provision, effective October 1, 2013, which applies "only with respect to trust agreements for which a notice of default and election to sell is recorded on or after October 1, 2013", and provides:

> The association may not foreclose a lien by sale if:
> (a) The unit is owner-occupied housing encumbered by a deed of trust;
> (b) The beneficiary under the deed of trust, the successor in interest of the beneficiary or the trustee has recorded a notice of default and election to sell with respect to the unit pursuant to subsection 2 of NRS 107.080; and
> (c) The trustee of record has not recorded the certificate provided to the trustee pursuant to subparagraph (1) or (2) of paragraph (d) of subsection 2 of NRS 107.086.
>
> As used in this subsection, "owner-occupied housing" has the meaning ascribed to it in NRS 107.086.

Act of June 12, 2013, ch. 536, AB 273, 2013 Nev. Laws 3483 (current version at Nev. Rev. Stat. § 116.31162(6)).

Here, because Kal-Mor-USA contends that BOA's interest was extinguished by the foreclosure sale, the question of law that may determine the outcome of this action is whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit where an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.  The Court finds that the Nevada Supreme Court has not directly addressed the question and there appears to be no controlling precedent in the decisions of the Nevada Supreme Court.  Accordingly, as discussed at the hearing, the Court will certify the following question of law:

Whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit where an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that the following question of law is **CERTIFIED** to the Nevada Supreme Court pursuant to Rule 5 of the Nevada Rules of Appellate Procedure:

Whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit where an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.

*See* Nev. R. App. P. 5(c)(1).  The nature of the controversy and a statement of facts are discussed above. *See* Nev. R. App. P. 5(c)(2)–(3).  Kal-Mor-USA is designated as the Appellant, and BOA and Fidelity are designated as the Respondents.  *See* Nev. R. App. P. 5(c)(4).  The names and addresses of counsel are as follows:

| **Appellant/Plaintiff Kal-Mor-USA** | **Respondent/Defendant BOA** |
|---|---|
| Joseph A. Gutierrez<br>Nevada Bar No. 9046<br>jag@mgalaw.com | J. Christopher Jorgensen<br>Nevada Bar No. 5382<br>Email: cjorgensen@lrrlaw.com |
| Luis A. Ayon<br>Nevada Bar No. 9752<br>Email: laa@mgalaw.com | Meng Zhong<br>Nevada Bar No. 12145<br>Email: mzhong@lrrlaw.com |
| Maier Gutierrez Ayon<br>400 South Seventh Street<br>Suite 400<br>Las Vegas, NV 89101<br>702-629-7900<br>Fax: 702-629-7925 | Lewis Roca Rothgerber<br>3993 Howard Hughes Parkway<br>Suite 600<br>Las Vegas, NV 89169<br>(702) 385-3373<br>Fax: (702) 949-8398 |

**Respondent/Defendant Fidelity**

Christina H. Wang
Nevada Bar No. 9713
Email: christina.wang@fnf.com

Fidelity National Law Group
2450 St. Rose Parkway
Suite 150
Henderson, NV 89074
(702) 667-3000
Fax: (702) 697-2020

*See* Nev. R. App. P. 5(c)(5).  Further elaboration upon the certified question is included in this Order. *See* Nev. R. App. P. 5(c)(6).

**IT IS FURTHER ORDERED** that the Clerk shall forward a copy of this Order to the Clerk of the Nevada Supreme Court under the official seal of the United States District Court for the District of Nevada. *See* Nev. R. App. P. 5(d).

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED without prejudice**, with permission to re-file upon resolution of the Court's Certified Question to the Nevada Supreme Court.

**IT IS FURTHER ORDERED** that, beginning June 1, 2014, and every three months thereafter, the parties shall submit a Joint Status Report, including a statement from Kal-Mor-USA affirming that all taxes, fees and maintenance fees are current and up to date.

**DATED** this 17th day of March, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge