# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KAL-MOR-USA, LLC, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:13-cv-01046-GMN-PAL |
| vs. | ) |
| | ) **ORDER** |
| BANK OF AMERICA, N.A., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Pending before the Court are the Motion for Summary Judgment (ECF No. 54) filed by Plaintiff Kal-Mor-USA, LLC ("Kal-Mor") and the Motion for Summary Judgment (ECF No. 56) filed by Defendant Residential Credit Solutions, Inc. ("Residential Credit Solutions"), which have both been fully briefed. However, because the Court finds that an unsettled question of state law is at least partially dispositive in this case, the Court certifies the following question to the Nevada Supreme Court:

> Does the rule of *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) that foreclosures under NRS 116.3116 extinguish first security interests apply retroactively to foreclosures which occurred prior to the date of that decision?

## I.     BACKGROUND

This case arises out of a homeowners' association foreclosure sale. On June 1, 2007, Grace L. Chavez purchased real property located at 3055 Casey Drive, Unit #103, Bld. #112, Las Vegas, NV 89120 (the "Property"), giving lender Affiliated Funding Corporation a promissory note for $132,000.00 (the "Note"), secured by a Deed of Trust against the Property. (Deed of Trust, Ex. 2 to Def.'s MSJ, ECF. No. 56-2). The Deed of Trust named Fidelity National Title ("Fidelity") as trustee and Mortgage Electronic Registration Systems, Inc.

("MERS") as beneficiary. (*Id.*).

On March 2, 2012, MERS executed an Assignment of Deed of Trust, assigning its interest to Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP ("BANA"). (Ex. 3 to Def.'s MSJ, ECF No. 56-3). On August 2, 2012, BANA assigned the Deed of Trust to Ocwen Loan Servicing, LLC ("Ocwen") via a Corporation Assignment of Deed of Trust. (Ex. 4 to Def.'s MSJ, ECF No. 56-4). Finally, on November 5, 2015, Ocwen assigned its interest in the Deed of Trust to Defendant Residential Credit Solutions. (Ex. 5 to Def.'s MSJ, ECF No. 56-5).

After recording a Notice of Delinquent Assessment Lien, a Notice of Default and Election to Sell, and a Notice of Foreclosure Sale, Canyon Willow Owners Association (the "HOA"), through its agent United Legal Services, Inc., sold the Property at a foreclosure sale to First 100, LLC ("First 100") for $2,000.00 on February 4, 2013. (*See* Exs. 6–9 to Def.'s MSJ, ECF Nos. 56-6–9). First 100 later sold its interest in the Property to Plaintiff Kal-Mor. (Ex. 10 to Def.'s MSJ, ECF No. 56-10).

On April 4, 2013, Kal-Mor filed its First Amended Complaint in Nevada state court, naming BANA and Fidelity as defendants[1] and seeking declaratory relief and quiet title on the Property pursuant to Nev. Rev. Stat. §§ 30.010 and 116.3116, et seq. (*See* First Am. Compl., Ex. A to Pet. for Removal, ECF No. 1-2). Fidelity was served with a copy of the Summons and First Amended Complaint on May 22, 2013, and on June 12, 2013, removed the action to this Court with BANA's consent. (Pet. for Removal, ECF No. 1).

---

[1] The Court later granted the parties' stipulation to substitute Residential Credit Solutions as Ocwen's successor-in-interest. (*See* Order, ECF No. 51). Because the Court also granted the parties' stipulations dismissing BANA (ECF No. 23) and Fidelity (ECF No. 38), Residential Credit Solutions is the only remaining defendant in this case.

## II. LEGAL STANDARD

Pursuant to Rule 5 of the Nevada Rules of Appellate Procedure ("Rule 5"), a United States District Court may certify a question of law to the Nevada Supreme Court "upon the court's own motion." Nev. R. App. P. 5(a)–(b).  Under Rule 5, the Nevada Supreme Court has the power to answer such a question that "may be determinative of the cause then pending in the certifying court and . . . it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Nev. R. App. P. 5(a).

Rule 5 also provides that a certification order must specifically address each of six requirements:

> (1) The questions of law to be answered;
> (2) A statement of all facts relevant to the questions certified;
> (3) The nature of the controversy in which the questions arose;
> (4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court;
> (5) The names and addresses of counsel for the appellant and respondent; and
> (6) Any other matters that the certifying court deems relevant to a determination of the questions certified.

Nev. R. App. P. 5(c).

## III. DISCUSSION

In this case, the Court is sitting in diversity jurisdiction; thus Nevada substantive law controls.  Because the relevant facts are set forth above, the Court addresses the remaining five requirements below.

First, whether the rule announced in *SFR Invs. Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) that foreclosures under NRS § 116.3116 extinguish first security interests applies retroactively to foreclosures which occurred prior to the date of that decision is a question of state law.

Second, the retroactivity of *SFR* is at least partially dispositive to the present case.  If that rule is not retroactive, because the HOA sale in this case occurred prior to the issuance of

the *SFR* decision, Residential Credit Solutions would be entitled to a declaration that the Deed of Trust still encumbers the Property.

Third, there is no controlling precedent as to the retroactivity of *SFR*. One court in this district has discussed this issue, finding that *SFR* did not apply retroactively pursuant to the test outlined in *Breithaupt v. USAA Prop. & Cas. Ins. Co.*, 867 P.2d 402 (Nev. 1994). *See Trust v. K & P Homes*, 2:15-cv-01534-RCJ-VCF, 2015 WL 6962860, at *5 (D. Nev. Nov. 9, 2015). However, shortly after this ruling, the court decided to certify to the Nevada Supreme Court the same retroactivity question at issue in the instant order. *See Trust v. K & P Homes*, 2:15-cv-01534-RCJ-VCF, 2016 WL 923091 (D. Nev. Mar. 9, 2016).

Accordingly, under Rule 5, answering this certified question is within the power of the Nevada Supreme Court, and the Court finds that a determination of this question would promote judicial efficiency.

IV.     **CONCLUSION**

**IT IS HEREBY ORDERED** that the Motions for Summary Judgment (ECF Nos. 54, 56) are **DENIED without prejudice** with permission to renew within thirty days of the resolution of the Court's Certified Question to the Nevada Supreme Court.

**IT IS FURTHER ORDERED** that the following question of law is **CERTIFIED to the Nevada Supreme Court** pursuant to Rule 5 of the Nevada Rules of Appellate Procedure:

> Whether the rule of *SFR Investments Pool I, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014) that foreclosures under NRS § 116.3116 extinguish first security interests applies retroactively to foreclosures which occurred prior to the date of that decision.

*See* Nev. R. App. P. 5(c)(1). The nature of the controversy and a statement of facts are discussed above. *See* Nev. R. App. P. 5(c)(2)–(3). Defendant Residential Credit Solutions is designated as the Appellant, and Plaintiff Kal-Mor is designated as the Respondent. *See* Nev. R. App. P. 5(c)(4). The names and addresses of counsel are as follows:

**Counsel for Plaintiff Kal-Mor**

Charles Robert Peterson, Neil B Durrant, and Jason G. Martinez
Weil & Drage, APC
2500 Anthem Village Drive
Henderson, NV 89052

Joseph A. Gutierrez and Luis A Ayon
Maier Gutierrez Ayon
400 South Seventh Street, Suite 400
Las Vegas, NV 89101

**Counsel for Defendant Residential Credit**

Christina Miller and Dana Jonathon Nitz
Wright, Finlay & Zak
7785 W. Sahara Ave., Ste. 200
Law Vegas, NV 89117

Jacob S. Smith
Houser & Allison, APC
3900 Paradise Road, Suite 101
Las Vegas, NV 89169

Shawn L Walkenshaw
Pisanelli Bice, PLLC
400 S. 7th Street, Ste. 300
Las Vegas, NV 89101

*See* Nev. R. App. P. 5(c)(5).  Further elaboration upon the certified question is included in this Order.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that the Clerk of the Court shall forward a copy of this Order to the Clerk of the Nevada Supreme Court under the official seal of the United States District Court for the District of Nevada. *See* Nev. R. App. P. 5(d).

**IT IS FURTHER ORDERED** that this case is **STAYED** pending resolution of the Court's Certified Question to the Nevada Supreme Court.  Beginning on September 23, 2016, the parties must submit a joint status report updating the Court on the status of this case every sixty days.

**DATED** this __26__ day of July, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge