WRIGHT, FINLAY & ZAK, LLP
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Christina V. Miller, Esq.
Nevada Bar No. 12448
7785 W. Sahara Avenue, Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
dnitz@wrightlegal.net
cmiller@wrightlegal.net
*Attorneys for Intervenor Defendant Residential Credit Solutions, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KAL-MOR-USA, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., a National Association; FIDELITY NATIONAL TITLE INSURANCE COMPANY, a foreign corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants,<br><hr>RESIDENTIAL CREDIT SOLUTIONS, INC.,<br><br>Intervenor Defendant. | Case No.: 2:13-cv-01046-GMN-PAL<br><br>**STIPULATION AND ORDER OF FINAL JUDGMENT CONFIRMING EXISTENCE AND VALIDITY OF DEED OF TRUST** |

Plaintiff KAL-MOR-USA, LLC ("Kal-Mor") and Intervenor Defendant RESIDENTIAL CREDIT SOLUTIONS, INC. ("RCS"), through their counsel of record, stipulate as follows:

1. This matter relates to real property located 3055 Casey Drive, Bldg. 112, Unit 103, Las Vegas, Nevada 89120, APN: 162-25-612-380 (the "Property"). The Property is more specifically described as:

///

Parcel One: (Common Areas)

An undivided 1/56th interest as tenant in common in Common elements in Phase 6 of Amended Map of Paradise Village 1013 - Unit 3, together with additional acreage, as shown by map thereof on file in Book 56 of Plats, page 33 and by that certain Certificate of Amendment recorded June 2, 1993 in Book 930602 as Document No. 00832, Clark County, Nevada and by that certain Certificate of Amendment recorded July 23, 1993 in Book 930723 as Document No. 01274 and by Second Amended Map of a portion of Paradise Village 1013 Unit 3, together with additional acreage, as shown by map thereof on file in Book 61 of Plats, page 42 all of Official Records in Clark County, Nevada.

EXCEPTING THEREFROM the following:

All Living Units and Association Property shown in Phase 6 of Amended Map of Paradise Village 1013 - Unit 3, together with additional acreage, of the plat.

AND RESERVING THEREFROM:

The right to possession of all those areas designated as Limited Common elements; as shown upon the Plat referred to above;

AND FURTHER RESERVING THEREFROM the benefit of the Owners of Condominiums in all subsequent phases in Amended Map of Paradise Village 1013 - Unit 3, together with additional acreage, non-exclusive easements on, over, and across the Common Elements and Association Property for ingress, egress, and recreational use, subject to the conditions set forth the Notice of Annexation and Supplemental "Declaration" of Covenants. Conditions, and Restrictions for Canyon Willow recorded on June 24, 1993 in Book 930624, as Instrument No. 01681, and re-recorded July 20, 1993 in Book 930720 as Document No. 01306, Clark County, Nevada, Recorder.

Parcel Two: (Living Unit)

Living Unit 103 in Building 112 as shown upon the Condominium Plat referred to above.

Parcel Three: (Limited Common Element)

The exclusive right to use, possession, and occupancy of the Limited Common Elements described upon the Plat as Balconies. Patios, Entries/Stairways and Assigned covered parking space 112-103 (Limited Common Elements) which are appurtenant to and for the exclusive use of Parcel 2.

Parcel Four: (Common/Association Property)

A non-exclusive easement on and over the Common Elements and b-Association and Master Association Property for access, use. occupancy, enjoyment, ingress, egress, and use of the amenities located thereon, subject to the terms and provisions of the Declaration. This easement is appurtenant to Parcels 1, 2 and 3 above described.

Parcel Five: (Phased Areas)

A non-exclusive easement for ingress, egress and recreational use on and over the Common Elements and Association Property in non-annexed phases which easement is appurtenant to Parcels 1, 2 and 3 described above. This easement shall be effective only until recordation, prior to expiration of right to annex, of a Declaration fo Annexation declaration the phases to be subject to the Declaration or expiration of the right to annex.

2. Freddie Mac is the beneficiary of record of a Deed of Trust that encumbers the Property and was recorded on June 12, 2007, as Instrument Number 20070612-0001428, in the Official Records of Clark County, Nevada (the "Deed of Trust").

3. On February 4, 2013, Canyon Willow Owners Association ("Canyon Willow OA") recorded a Foreclosure Deed Upon Sale as Instrument Number 20130204-0003518 of the Official Records of Clark County, Nevada (the "HOA Foreclosure Deed"), reflecting that First 100, LLC ("First 100") purchased the Property at the Canyon Willow OA foreclosure sale of the Property conducted on February 2, 2013 (the "HOA Sale").

4. First 100 transferred its interest in the Property to Kal-Mor by Deed of Sale recorded in the Clark County recorder's office on March 4, 2013 as Instrument Number 20130304-0001199 (the "Deed of Sale").

5. Kal-Mor has not transferred his interest in the Property and is still the title holder of record.

6. On February 26, 2013, First 100 initiated a lawsuit against Fidelity National Title Insurance Company ("Fidelity") and Bank of America, N.A. ("BANA") in Clark County, District Court, Case No. A-13-677350-C, seeking a declaratory judgment of quiet title to the Property. On April 4, 2013, a First Amended Complaint was filed naming Kal-Mor as Plaintiff. On June 12, 2013, Fidelity removed the action to the United States District Court, District of Nevada, Case No. 2:13-cv-01046-GMN-PAL. On March 18, 2014, Ocwen Loan Servicing, LLC ("Ocwen") moved to intervene in the action, which was granted by the Court. On May 12, 2014, a Stipulation and Order to Dismiss

BANA was filed. On August 14, 2015, a Stipulation and Order to Dismiss Fidelity was filed. On January 28, 2016, a Stipulation and Order to substitute RCS in place of Ocwen was filed (the "Quiet Title Action").

7. Kal-Mor and RCS, the only remaining parties to the Quiet Title Action, have entered a confidential settlement agreement in which they have settled all claims between them in this case. This Stipulation and Order applies to the matters addressed in the Quiet Title Action only and has no relevance to any other matter.

8. Pursuant to the settlement agreement, the Deed of Trust survived and was not extinguished in any capacity by the HOA Sale. The Deed of Trust remains a valid encumbrance against the Property following the recording of the HOA Foreclosure Deed and Deed of Sale, and Kal-Mor's interest in the Property is subject to the Deed of Trust.

DATED this 16th day of May, 2018.                          DATED this 16th day of May, 2018.

WRIGHT FINLAY & ZAK, LLP                                   LAW OFFICE OF RAFFI A. NAHABEDIAN

*/s/ Christina V. Miller*                                  */s/ Raffi A. Nahabedian*
Dana Jonathon Nitz, Esq.                                   Raffi A. Nahabedian, Esq.
Nevada Bar No. 0050                                        Nevada Bar No. 9347
Christina V. Miller, Esq.                                  7408 Doe Avenue
Nevada Bar No. 12448                                       Las Vegas, NV 89117
7785 W. Sahara Ave., Suite 200                             *Attorneys for Plaintiff, KAL-MOR-USA, LLC*
Las Vegas, NV 89119
*Attorney for Intervenor Defendant,*
*Residential Credit Solutions, Inc.*

## **ORDER**

Based on the above stipulation between Kal-Mor and RCS, the Parties' agreement, and good cause appearing therefore,

IT IS ORDERED that the Deed of Trust recorded in the Official Records of Clark County, Nevada against the real property located 3055 Casey Drive, Bldg. 112, Unit 103, Las Vegas, Nevada 89120, APN: 162-25-612-380 (the "Property") on June 12, 2007, as Instrument Number 20070612-0001428, was not extinguished, impaired, or otherwise affected by the foreclosure sale of the Property conducted by Canyon Willow Owners Association on February 2, 2013, or the recording of the Foreclosure Deed Upon Sale in the Official Records of Clark County, Nevada, on February 4,

2013, as Instrument Number 20130204-0003518, reflecting that First 100, LLC purchased the Property at the foreclosure sale. The Property was subsequently transferred to Kal-Mor, and Kal-Mor's ownership interest in the Property is subject to the Deed of Trust.

IT IS FURTHER ORDERED that RCS shall be entitled to record this STIPULATION AND ORDER CONFIRMING VALIDITY OF DEED OF TRUST in the Official Records of Clark County, Nevada in accordance with the rules of the Recorder's Office.

IT IS FURTHER ORDERED that this order constitutes the final judgment of this Court, resolving all claims in this case, with prejudice, each party to bear its own fees and costs.

IT IS FURTHER ORDERED that the status conference scheduled for May 29, 2018, is hereby VACATED.

The clerk of court is instructed to close the case.

IT IS SO ORDERED.

DATED this __22__ day of May, 2018.

Gloria M. Navarro, Chief Judge
UNITED STATES DISTRICT COURT

Respectfully submitted by:
WRIGHT, FINLAY & ZAK, LLP

*/s/ Christina V. Miller*
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Christina V. Miller, Esq.
Nevada Bar No. 12448
7785 W. Sahara Avenue, Suite 200
Las Vegas, NV 89117
*Attorneys for Intervenor Defendant*
*Residential Credit Solutions, Inc.*